# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKELL NORVILLE, | Case No.: 1:12-CV-01041- JLT |
| Plaintiff, | ORDER DENYING STIPULATION TO AMEND SCHEDULING ORDER |
| v. | |
| SEAN MOUNTJOY, et al., | (Doc. 18) |
| Defendants. | |

On September 13, 2013, counsel submitted a stipulation to amend the scheduling order. (Doc. 18) The stipulation seeks to extend the deadlines set forth in the scheduling order by several months. Id. at 2. The justification for the amendment is "to complete discovery and prepare this matter for trial or settlement." Id. at 1.

Notably, on April 4, 2013, the parties filed a joint, mid-discovery status report in which Defendants demonstrated they had conducted significant discovery and would conclude their discovery efforts by the September 27, 2013 deadline set forth in the scheduling order. (Doc. 16 at 3) Plaintiff did not detail any discovery he had conducted but committed to completing discovery by the deadline. Id. at 2.

Notably, the date for non-expert discovery adopted by the Court in the scheduling order was proposed *by the parties*. (Doc. 12 at 10) Thus, this isn't a situation in which the parties did not anticipate the effort needed or the various other demands on their time. The scheduling order also indicated,

1

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.** Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

(Doc. 14 at 8, emphasis in the original)

The law in this Circuit is clear; a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b)(3). In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." <u>Jackson</u>, 186 F.R.D. at 608, emphasis added.

Despite this instruction, the stipulation fails to demonstrate why the discovery cannot be completed by the deadline set forth in the scheduling order, the efforts made to attempt to complete the discovery in this timeframe or why additional time is needed for trial preparation given trial is not set to begin for seven months. The Court is aware of the diligence of the Defendants by review of an earlier-filed document but there is no showing whatsoever that Plaintiff has proceeded similarly. Thus, the stipulation is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 16, 2013**            /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE

2